Filed 10/15/24  P. v. Gonzalez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO GONZALEZ,<br><br>    Defendant and Appellant. | B334135<br>(Los Angeles County<br> Super. Ct. No. MA065362) |

APPEAL from an order of the Superior Court of Los Angeles County, Emily J. Cole, Judge.  Affirmed as Modified.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Julie A. Harris, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

At a probation violation hearing, the trial court ordered appellant Armando Gonzalez (Gonzalez) to serve a three-year jail sentence and remain on probation afterward until January 2028, pursuant to a plea agreement reached in 2015.  Gonzalez challenges the order, arguing that the law now limits probation terms to two years.  We agree, and therefore direct the trial court to reduce Gonzalez's probation term to two years.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2015, Gonzalez was charged with one count of identity theft (Pen. Code, § 530.5, subd. (a)).[1]  In May 2015, Gonzalez entered a plea of no contest.  The court sentenced Gonzalez to three years in state prison, but suspended execution of the sentence and placed him on probation for five years.

In January 2016, the trial court revoked Gonzalez's probation and issued a bench warrant.  In August 2023, Gonzalez appeared before the court and was remanded into custody.

In September 2023, the trial court held a probation violation hearing. The court terminated probation, imposed the previously stayed three-year sentence (now to be served in county jail), and ordered Gonzalez to remain on probation until January 20, 2028.

Gonzalez timely appealed.

---

[1]     All future statutory references are to the Penal Code, unless otherwise stated.

2

## DISCUSSION

In 2020, the legislature amended section 1203.1 to impose a two-year limit on probation terms.[2] (Stats. 2020, ch. 328, § 2.) Gonzalez argues that this limitation should apply retroactively to shorten his probation period. The People do not directly respond to this argument.

Instead, the People suggest that the probation violation hearing in September 2023 "reinstated" Gonzalez's plea bargain as if it had been made at that time. Therefore, they argue that the appeal must be dismissed because Gonzalez failed to obtain a certificate of probable cause. In the alternative, they argue that the plea agreement was illegal and therefore this court should remand the case with directions to renegotiate Gonzalez's plea. Because the People provide no support for the premise that the probation violation hearing in September 2023 "reinstated" Gonzalez's plea bargain, their arguments are unpersuasive.

I. *Certificate of Probable Cause*

A defendant who has pled no contest must ordinarily obtain a certificate of probable cause before appealing their conviction. (§ 1237.5.) However, no such certificate is required where the appeal raises post-plea issues that do not challenge the validity of the plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 75–76.) An appeal does not challenge the validity of a plea, and therefore requires no certificate, where a defendant "seeks relief because the law subsequently changed to his potential benefit." (*People v. Stamps* (2020) 9 Cal.5th 685, 698.)

That is what happened here. Gonzalez made his plea agreement in 2015. In 2020, the law changed to his potential benefit. He now seeks relief

---

[2] There are certain exceptions which do not apply here.

based on that change. He is not required to obtain a certificate of probable cause.

The People do not explain why the probation violation hearing in 2023 would renew the plea agreement, or why the court should view the agreement as if it had been made at that time. The People cite no authority for either proposition. Nor does the record of the hearing reflect any such renewal, or any negotiations concerning the plea agreement. The record simply shows the court imposed the sentence agreed upon in 2015.

We decline to dismiss the appeal for lack of a certificate of probable cause.

II. *Remedy*

Where a trial court approves a plea bargain which was illegal when it was made, the proper remedy is to withdraw the approval and remand to allow the parties to negotiate a different, legal disposition. (*People v. Prudholme* (2023) 14 Cal.5th 961, 974.) On the other hand, where the agreement was lawful when made but the law is subsequently changed, the court must ask whether the legislature intended the change to apply to existing plea agreements. (*Id.* at p. 975.) If so, the proper remedy is to modify the affected terms "to conform with the new law while maintaining the remainder of the plea agreement." (*Id.* at p. 963.)

Here, as already discussed, the plea agreement was made in 2015 and was lawful at that time. The California Supreme Court has held that the 2020 amendments to section 1203.1 were intended to apply to any plea agreement not yet final on appeal. (*Prudholme*, *supra*, 14 Cal.5th at p. 963.)

It is undisputed that the agreement here never became final on appeal.[3] Therefore, the appropriate remedy is to reduce Gonzalez's probationary term to two years.

## DISPOSITION

Pursuant to section 1203.1, the defendant's five-year probation term must be reduced to two years.  The trial court is directed to amend its records to reflect this modification.  The order is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

COLLINS, Acting P. J.

MORI, J.

---

[3]     The agreement was made in 2015, probation was revoked in 2016, and the violation hearing occurred in 2023; there was no appeal prior to this one.