Filed 4/3/13  P. v. Alvarado CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038716 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS120776A) |
| v. | |
| RICARDO RODRIGUEZ ALVARADO, | |
| Defendant and Appellant. | |

On May 23, 2012, Ricardo Alvarado (defendant) pleaded no contest to one count of assault by means of force likely to produce great bodily injury and admitted that he personally inflicted great bodily injury on the victim (Pen. Code, §§ 245, subd. (a)(4), 12022.7, subd. (a)).

On August 17, 2012, the court denied probation and sentenced defendant to six years in state prison consisting of the middle term of three years for the assault and three years for the great bodily injury enhancement.  The court awarded defendant credit for time served of 113 actual days and conduct credits of 16 days.[1]  The court imposed a $240 restitution fund fine, imposed but suspended a parole revocation fine in the same amount, and imposed $70 in assessments.  The court ordered that defendant pay

---

[1] Defendant's conduct credits were limited to 15 percent pursuant to Penal Code section 2933.1.

restitution to the victim in an amount to be determined after a restitution hearing. Subsequently, defendant filed a timely notice of appeal.

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On December 19, 2012, we notified defendant of his right to submit written argument on his own behalf within 30 days. We received a letter from defendant,[2] in which he contends, in essence, that the incident that led to his conviction was an accident, not an intentional act, and he did not mean to harm the victim. In addition, he asserts that his sentence was "excessive."

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there is no arguable issue on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.) In addition, we have described defendant's contentions. We will explain why we reject them. (*Id.* at p.113.)

*Facts[3]*

On April 27, 2012, at approximately 2:30 a.m. William Campbell, a tow truck driver, went to repossess a 2005 Chrysler 300 from a residence on Lohman Street in Salinas. Campbell had been directed by the bank to repossess the vehicle because the payments on the vehicle were delinquent. After hooking up the vehicle to his tow truck, Campbell drove away from Lohman Street and stopped on Russell Road to hook the tow

---

[2]    We received the letter from appellate counsel after it had been translated from the original Spanish version.

[3]    The facts are taken from the probation officer's report.

lights onto the towed vehicle. As he was so doing, a red Ford F150 pickup truck pulled up behind his tow truck and stopped. Campbell was at the side of the road and not blocking traffic.

Campbell was not able to see the driver of the pickup truck because the truck's high beams were on. After putting the tow lights on the towed vehicle, Campbell started to move back alongside the passenger side of the vehicle toward the driver's side of the tow truck. As he did so, the driver of the pickup truck backed up slowly and pulled out into the traffic lane. The driver turned the pickup truck toward the towed vehicle and accelerated toward Campbell. Campbell tried to get out of the way, but was struck by the side of the pickup truck. Campbell was thrown to the ground and the truck continued past as Campbell threw his arms over his face and head; the pickup truck's passenger side rear tire glanced off his arm.

The driver of the pickup truck drove down the street and stopped. Campbell telephoned the police. Subsequently, he was transported to Natividad Medical Center for treatment. Campbell suffered four broken ribs, a severely sprained ankle, a compressed/bruised heart, bruising all over his body, a fractured "tibula"[4] and a knee injury.

Deputies located defendant in his pickup truck at the scene and he was arrested. The right front fender of the truck was substantially dented and the passenger side mirror was broken. Defendant told the police that he was asleep when his wife woke him and said that someone was stealing her car. He drove his truck around and found his wife's car nearby. He pulled up behind his wife's car and saw a man holding something in his left hand. Defendant said he was not quite sure what it was, but it scared him. Defendant said he wanted to get away, so he accelerated and steered around the vehicle. He claimed that he was not trying to hit the man, but admitted that he did. He drove away, but

---

[4]     The probation report documents Campbell's leg injury as a fractured "tibula." We assume that the probation officer meant either tibia or fibula.

returned when he realized what had happened.  Defendant was surprised to learn that his wife's car was being repossessed; he did not know that his wife had failed to make the required payments.

<em>Proceedings Below</em>

On April 30, 2012, the Monterey County District Attorney filed a complaint in which defendant was charged with one count of attempted premeditated murder (§§ 644, 187 subd. (a), count one),[5] with an allegation that defendant personally used a deadly and dangerous weapon, to wit a vehicle, within the meaning of section 12022, subdivision (b).  In addition, defendant was charged with assault by means of force or with a deadly weapon (§ 245, subd. (a)(1) & (4), count two.)[6]  On May 3, 2012, defendant pleaded not guilty to the charges and denied the allegation.

On May 23, 2012, the court granted the prosecutor's oral motion to amend the complaint to add a personal infliction of great bodily injury allegation to the assault count.  At the same time, defendant initialed and signed a "WAIVER OF RIGHTS, PLEA OF GUILTY/NO CONTEST" form,[7] in which he agreed to plead no contest to assault with force likely to produce great bodily injury and admit that he personally inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a).

---

[5]     All unspecified section references are to the Penal Code.

[6]     As phrased in the complaint the charge read:  "On or about April 27, 2012, the crime of assault by means of force likely to produce great bodily injury or with deadly weapon and instrument in violation of Section 245 (a)(1) of the Penal Code, a felony was committed by Ricardo Rodriguez Alvarado, who did willfully and unlawfully commit an assault on William Campbell, with a deadly weapon, to wit, vehicle and by means of force likely to produce great bodily injury."

[7]     In the form, defendant was advised of his constitutional rights, the consequences of his pleas, including immigration consequences and the maximum term of imprisonment for the offense to which he would be entering a plea.  Defendant waived his constitutional rights.

During the hearing on defendant's change of plea, the court confirmed with defendant that he had read the waiver of rights form and understood the constitutional rights he would be giving up by entering a plea. The court informed defendant that the maximum penalty for the offense and allegation to which he would be entering a plea was seven years, but told him that he could be placed on probation.[8] The court explained to defendant that his conviction would constitute a strike and that his conduct credits would be limited to 15 percent of actual time served; defendant said that he understood. Thereafter, defendant entered a no contest plea to one count of assault with force likely to cause great bodily injury and admitted the personal infliction of great bodily injury allegation. Defense counsel stated that the factual basis for the plea was set forth in the waiver of rights form. The court found that there was a factual basis for the plea.[9]

As noted, on August 17, 2012, the court sentenced defendant to a six-year prison term consisting of three years on the assault count and three years for the personal infliction of great bodily injury. The court dismissed the remaining charges and allegations.

*Defendant's Contentions*

As to defendant's contention that he hit the victim by accident and that he did not intend to harm the victim, defendant is in effect challenging the validity of his plea. Defendant has failed to obtain a certificate of probable cause and therefore cannot challenge the validity of his underlying plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77–79.) To raise issues other than the sentence imposed or matters occurring after the plea, defendant is required to seek and be granted a certificate of probable cause. (§ 1237.5)

---

[8] The court stressed to defendant that the prosecutor was going to argue vigorously for a state prison sentence.

[9] The waiver of rights form specifies the facts to be as follows: "On 4/27/12 defendant committed an assault with force likely to cause great bodily injury and did in fact cause great bodily injury."

As to defendant's contention that the punishment imposed was "excessive," the record on appeal shows no indication of improper discrimination by the court. The three year sentence on the assault count does not exceed the maximum statutory penalty for assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)) and the three year enhancement is mandated by section 12022.7, subdivision (a). In as much as it is possible that defendant is arguing that the court abused its discretion in denying him probation, the court denied probation based on the seriousness of the offense. The court found that the assault was an intentional violent act rather than carelessness; and this conclusion was confirmed for the court by the fact that the defendant drove off and did not immediately come to a stop and get out to explain how sorry he was.

Section 1203, subdivision (b)(3), provides that if "[t]he court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, it may place the person on probation." The primary considerations in granting probation are "[t]he safety of the public, which shall be a primary goal through the enforcement of court-ordered conditions of probation; the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant . . . ." (§ 1202.7.)

Criteria affecting the decision to grant or deny probation involve facts relating to the crime and facts relating to the defendant. (Cal. Rules of Court, rule 4.414(a)(1)-(a)(9), (b)(1)-(b)(8).) The facts relating to the crime include "[t]he nature, seriousness, and circumstances of the crime as compared to other instances of the same crime," and "[w]hether the defendant inflicted physical or emotional injury." (Rule 4.414(a)(1) & (a)(4).) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' "exceeds the bounds of reason, all of the circumstances being considered." ' [Citations.]" (*People v. Welch* (1993) 5 Cal.4th

6

228, 234.) Given that the record supports the court's conclusion that this was an intentional violent act and not an accident and given the severity of the injuries that the victim sustained, we cannot say that it was an abuse of discretion to deny probation.

*Conclusion*

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The restitution fine and assessments imposed were supported by the law. At all times, appellant was represented by competent counsel.

That being said, during our review of the record we noticed that the abstract of judgment and the court minutes reflect that defendant was convicted of a violation of section 245, subdivision (a)(1). Subdivision (a)(1) of section 245 is in fact assault with a deadly weapon. Defendant pleaded no contest to assault by means of force likely to produce great bodily injury, which is a violation of subdivision (a)(4) of section 245. We will order the court minutes and abstract of judgment amended accordingly.

*Disposition*

The judgment is modified to reflect that defendant was convicted of a violation of Penal Code section 245, subdivision (a)(4). The clerk of the court is directed to amend the abstract of judgment and the court minutes accordingly. Further, the clerk of

7

the court is directed to forward to the Department of Corrections and Rehabilitation the amended abstract of judgment. As so modified the judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

8