Filed 7/9/13  P. v. Hoover CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054318 |
| v. | (Super.Ct.No. RIF149867) |
| MARK ANTHONY HOOVER II, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James T. Warren, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Mark Anthony Hoover II is serving a five-year prison term after pleading guilty a second time to firearm charges with a strike prior and a prison term prior. He challenges the trial court's denial of his *Romero*[1] motion, made after he entered into the plea agreement, which specifically set forth the sentence that was to be imposed. The People argue the defendant's appeal should be dismissed because he did not obtain a certificate of probable cause from the sentencing court. As discussed below, we agree with the People and so dismiss the appeal.

## FACTS AND PROCEDURE

On April 10, 2009, defendant was a felon and carried a loaded firearm in a public place.[2] On April 28, 2009, defendant pled guilty to being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)) and being a gang member in possession of a loaded firearm (§ 12031, subd. (a)(2)(C)).[3] Defendant also admitted that he had a prior strike conviction (§§ 667, subds. (c) & (e)(1); 1170.12, subd. (c)(1)) and a prior prison term (§ 667.5, subd. (b)).

On December 23, 2009, the superior court sentenced defendant to the agreed-upon term of five years in prison, consisting of the midterm of two years for the felon-in-possession conviction, doubled for the strike prior, plus one year for the prison prior.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] Any references to "Prior" CT are to the appellate record in E050250, of which we take judicial notice by order dated August 10, 2012.

[3] All section references are to the Penal Code unless otherwise indicated.

Defendant appealed, and on November 24, 2010, this court upheld the conviction and sentence. Subsequently, the Riverside County Superior Court granted defendant's petition for habeas corpus on the ground that the sentencing court had not advised defendant that he was pleading guilty to a further strike. Defendant was allowed to withdraw his plea.

On May 12, 2011, defendant entered a new guilty plea, per a new plea agreement with the People, in which he again pleaded guilty to being a felon in possession of a firearm and admitted he had both a prior strike and a prison term prior. The printed portion of the written plea agreement specified that "The custody term **will be**" and in the space provided was handwritten "MT X 2 + PP = 5 yrs," which means the midterm of two years, doubled for the strike, plus one year for the prison prior, for a total of five years. The bolding and underlining of the phrase "will be" was part of the plea form. Sentencing was set for June 21, 2011.

On June 7, 2011, defendant filed a *Romero* motion in which he asked the court to dismiss his strike prior in the interest of justice. At the sentencing hearing held on June 21, 2011, the court denied the *Romero* motion and proceeded to sentence defendant, as agreed, to five years in prison, consisting of the middle term of two years for being a felon in possession, doubled to four years for the strike prior, plus one year for the prison prior. This appeal followed. The trial court denied defendant's request for a certificate of probable cause.

**DISCUSSION**

Defendant argues the trial court erred when it denied his *Romero* motion. However, the People argue, and we agree, that this appeal must be dismissed because defendant did not obtain a certificate of probable cause as required.

Only two types of issues may be raised on appeal following entry of a guilty plea without issuance of a certificate of probable cause under section 1237.5 and rule 31(d): (1) issues concerning the validity of a search or seizure, and (2) issues concerning proceedings after the entry of the plea to determine the degree of the crime and the punishment for the crime. (*People v. Panizzon* (1996) 13 Cal.4th 68, 74.) Issues that go to the validity of the plea itself require compliance with section 1237.5 and rule 31(d). (*Id*. at p. 76.)

Defendant contends his appeal raises an issue concerning proceedings after the entry of the plea and is therefore cognizable on appeal despite his failure to obtain a certificate of probable cause. Defendant argues that the trial court abused its discretion by refusing to strike his prior conviction under *Romero*. As to the appealability issue, defendant argues that this decision by the trial court to deny his *Romero* motion involved an individualized discretionary sentencing decision which, under *People v. Buttram* (2003) 30 Cal.4th 773 (*Buttram*) is appealable without a certificate of probable cause.

In *Buttram*, the plea form specified a maximum term but left to the discretion of the trial court the exact prison term to be imposed. Our Supreme Court held that "a certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its

4

nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be. Accordingly, such appellate claims do not constitute an attack on the validity of the plea, for which a certificate is necessary." (*Id.* at p. 790.) The present case differs from *Buttram* in one key respect— the plea form here left no discretionary sentencing authority to be exercised by the trial court after the plea. Rather, defendant and the People specifically agreed that defendant would be sentenced to five years in prison, no more and no less, period. There was no discretionary sentencing authority left for the trial court to exercise. Defendant's filing of a *Romero* motion after entering his guilty plea and agreeing to a specific sentence did not change this fact.

We conclude defendant's contention of *Romero* error is thus barred under all of the authorities cited above.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

McKINSTER
J.

5