Filed 7/19/13  P. v. Agundez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056435 |
| v. | (Super.Ct.No. RIF1104591) |
| JOEY ALEXANDER AGUNDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Michael Clough, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Joey Alexander Agundez (defendant) pled guilty, pursuant to a negotiated plea agreement, to attempted murder (Pen. Code, §§ 664, 187, subd. (a)) and admitted the criminal street gang special allegation (Pen. Code, § 186.22, subd. (b)). The trial court, in turn, sentenced defendant to the agreed upon term of 17 years in state prison.

Defendant contends in this appeal that the trial court failed to conduct an adequate inquiry into defendant's postplea request to appoint substitute counsel to represent him at sentencing. We conclude defendant's claim is meritless, and therefore we will affirm the judgment.

## DISCUSSION

Our resolution of the issue defendant raises in this appeal does not depend on the circumstances of defendant's crime, nor could it because the trial court denied defendant's request for a certificate of probable cause. Only the procedural details of the trial court proceeding are pertinent to defendant's claim on appeal and they reveal that on the date originally set for his sentencing hearing, defendant requested a continuance so his family could retain private counsel to explore the possibility of filing a motion to withdraw his guilty plea. The trial court granted defendant's request, and continued the sentencing hearing for 30 days.

At the continued sentencing hearing, defendant's court-appointed attorney informed the trial court defendant wanted a different attorney appointed to represent him in order to withdraw his plea based on incompetence of counsel, a motion counsel

described as a *Sanchez*[1] hearing or a quasi-*Marsden*[2] hearing. The trial court set that hearing for later that same day.

At the outset of the hearing, the trial court ordered the courtroom closed to the prosecutor, explained the *Marsden* process to defendant, and then gave defendant an opportunity to speak. Defendant responded that he wanted to go forward with sentencing. When the trial court indicated she had not heard what defendant had said, defendant repeated, "I think I want to just go forward with sentencing, with the sentencing." The trial court then asked defendant, "Are you indicating, sir, that you're satisfied [your attorney] can continue in her representation of you and do so through the sentencing in this matter?" Defendant answered, "Yes, your Honor." The trial court then confirmed that defendant did not "want to discuss with [the court] having another counsel appointed." Before sentencing defendant, the trial court said, "The . . . Court is satisfied that based upon what has been said to the Court by [defendant], there's a withdrawal of the request to have a *Marsden* slash *Sanchez* motion before the Court; that he otherwise wishes to go forward with the sentencing today pursuant to the plea bargain that was entered into with the People."

Defendant now contends the trial court should have conducted a *Marsden* hearing because the record suggests defendant's plea was not "'a voluntary and intelligent choice,'" which in turn suggests his decision to abandon his *Marsden* hearing also was

---

[1] *People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*).

[2] *People v. Marsden* (1970) 2 Cal.3d. 118 (*Marsden*).

3

not a voluntary and intelligent choice. In other words, defendant contends the trial court should have determined whether defendant knowingly and intelligently withdrew his request for a *Marsden* hearing. We disagree.

"*Marsden* motions are subject to the following well-established rules. ""When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. [Citation.] A defendant is entitled to relief if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citations].' [Citations.]""" (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085, 1086.)

The record in this case reflects clearly and unequivocally that defendant withdrew his request for a *Marsden* hearing. Defendant does not claim otherwise. Instead, defendant contends the trial court had an obligation to determine whether that withdrawal was done knowingly and voluntarily. Defendant does not cite any authority to support that claim. Moreover, even if he were able to establish such an obligation, the trial court conducted the requisite inquiry. As set out above, the trial court first explained the structure and purpose of a *Marsden* hearing to defendant. When defendant indicated he did not want to proceed with that hearing, the trial court confirmed that defendant was satisfied with his attorney and wanted that attorney to represent him at his sentencing hearing.

4

In short, and simply stated, defendant withdrew his request for a *Marsden* hearing and therefore cannot complain that the trial court did not conduct that hearing. Defendant's other arguments, although presented in the guise of supporting his *Marsden* hearing claim, are actually directed at challenging the voluntariness of his guilty plea. Defendant did not obtain a certificate of probable cause and therefore he is precluded from raising that issue.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                    Acting P.J.

We concur:

RICHLI_____
                    J.

KING_____
                    J.

5