Filed 9/9/13  P. v. McDonald CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DONTE DARNELL MCDONALD,<br><br>    Defendant and Appellant. | F065081<br><br>(Kings Super. Ct. No. 12CM0058)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

Appellant/defendant Donte Darnell McDonald pleaded guilty to failing to provide true registration information (Pen. Code,[1] § 290.015, subd. (a)), and admitted one prior

---

[*] Before Wiseman, Acting P.J., Gomes, J. and Peña, J.

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

strike conviction (§ 667, subds. (b)-(i)). He was sentenced to a second strike term of 32 months. On appeal, his appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

In 2000, defendant was convicted of assault with the intent to commit rape (§ 220); and false imprisonment (§ 236). He was sentenced to four years in prison, and ordered to register as a sex offender pursuant to section 290.

In 2002, defendant was convicted of unlawful sexual intercourse with a minor, who was more than three years younger than defendant, and sentenced to 32 months in prison (§ 261.5, subd. (c)).

On February 9, 2011, defendant provided two addresses to the Merced County Probation Department: one in Hanford, and one in Dos Palos. On February 24, 2011, he reported to the probation department that he had been at the Dos Palos address since February 21, 2011. "According to the documents, the defendant failed to register as a sex offender with the Hanford Police Department between February 9, 2011 and February 21, 2011 while residing" at the Hanford address.

**The charges**

On February 6, 2012, an information was filed in the Superior Court of Kings County charging defendant with counts I, II, and IV, failure to timely update his registration (§ 290.013, subd. (a)); and count III, failure to provide true registration information (§ 290.015, subd. (a)), with one prior strike conviction (§ 667, subds. (b)-(i)), and two prior prison term enhancements (§ 667.5, subd. (b)).

---

[2] Given defendant's no contest pleas, the facts are taken from the probation report.

**Defendant's plea**

On March 16, 2012, defendant pleaded guilty to count III and admitted the prior strike conviction. He entered the plea with the understanding that the remaining charges and allegations would be dismissed, and he would be allowed to argue for dismissal of the prior strike conviction.

**Sentencing**

On May 1, 2012, the court denied defendant's request to dismiss the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court also denied defendant's request to reduce the offense to a misdemeanor (§ 17, subd. (b)). The court imposed the lower term of 16 months, doubled to 32 months (two years eight months) as the second strike term. Defendant received 591 days of presentence credit. He was ordered to pay a $720 restitution fine (§ 1202.4, subd. (b)); a $40 court security fee; and a $30 criminal conviction assessment.

On June 7, 2012, defendant filed a timely notice of appeal. He did not request or receive a certificate of probable cause.

## DISCUSSION

As noted *ante*, defendant's appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on September 17, 2012, we invited defendant to submit additional briefing. To date, he has not done so.

Defendant has failed to obtain a certificate of probable cause and therefore cannot challenge the underlying validity of his plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-79.)

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3.