Filed 10/9/14  P. v. Parker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058874 |
| v. | (Super.Ct.Nos. RIF1204717 & RIF1207102) |
| TOMARCO CLIFTON PARKER, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.

Affirmed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Marvin E. Mizell and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

1

In this appeal, defendant and appellant Tomarco Clifton Parker challenges guilty pleas, contending that his counsel was constitutionally ineffective and that his pleas were not voluntary and intelligent because he was not properly advised of the sentence he would receive. Based on the record before us, we cannot make a determination that defendant was not properly advised or aware of the actual sentence to be imposed. Accordingly, we affirm the judgments, although we direct the superior court to stay sentence on one count pursuant to Penal Code section 654.

BACKGROUND

In case No. RIF1207102 (102), defendant was charged with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a), count 1)[1], unlawful possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 2), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1), count 3). It was also alleged in connection with count 1 that he had a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)), and in connection with all counts that he had three prior convictions for which he had served a prison term (Pen. Code, § 667.5, subd. (b)), and one prior serious and violent felony conviction (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

In case No. RIF1204717 (717), defendant was charged with unlawful possession of methamphetamine (Health & Saf. Code, § 11372, subd. (a), count 1) and one count of

_____

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

2

resisting a peace officer (Pen. Code, § 148, subd. (a)(1), count 2). The same prior prison and strike convictions were alleged.

In each case, defendant moved for dismissal of his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

At the beginning of a felony settlement conference on March 13, 2013, defense counsel stated "this is the Court-indicated for [defendant]. He would plead today, and request the sentencing be put over to April the 10th."

Defendant signed and initialed felony plea forms in both cases in which his counsel joined. The written plea forms did not specify any sentence, promises, or consideration for the pleas. In each case, the words "plea to court" were written in the space designated for the deputy district attorney's signature. The prosecutor did not sign the form or enter into any agreement.

After denying defendant's *Romero* motion, the court indicated that it would give defendant the low term "based on the small amounts in the current cases." In case 717, the low term would have to be doubled by the admission of the strike prior, for a term of 32 months. In case 102, the court stated that he would give defendant one-third the midterm, eight months, doubled due to the strike prior, for a total term of 16 months.

Defendant agreed that this was his understanding, confirmed his initials on the felony plea forms, and entered guilty pleas and admissions to the charges. The court accepted the pleas and admissions, finding they were freely and voluntarily given. It advised petitioner that his sentence in case 102 would be the low term of 16 months on

3

count 2, doubled for a total term of 32 months. It would impose the low term on count 1 to run concurrently to count 2, and 180 days for count 3. It indicated it would impose and stay one year for each of the prison priors. In case 717, the court stated that it would impose one-third the middle term on count 1 to run consecutively to case 102. It also imposed 180 days on count 2 and stayed the one year terms for each of the prison priors.

When petitioner appeared for sentencing on April 10, 2013, the court stated that it heard and denied petitioner's *Marsden*[2] motion earlier that morning. The court then noted that it was defendant's wish to withdraw his plea, but after defendant's counsel stated that she knew of no legal grounds to do so, the court proceeded to pronounce sentence. It commented that the specification of the plea in 102 was inaccurate. "It says the low term on Count 1. That would have to be the low term on count 2. [¶] . . . [¶] It indicates the low term of 16 months doubled by the admission of the strike prior, and then an addition eight months, times two, on the second case ending in 717. [¶] What was the total term?"

Defendant's attorney replied that she had the plea written down and the total term "was four years, 32 months—6 years, 8 months total."

The court then pointed out that the indicated sentence as to 102 was inaccurate. "102 says low term on count 2—yes, on count 2, so 16 months doubled, and then count 1,

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

4

the low term of 16 months wouldn't be accurate.  [¶] . . . [¶]  I think we will need to discuss this matter further."

Defendant's counsel again mentioned she had it written in her notes, "count 1, low term doubled, on case ending in 102, so that would be four years."  In case 717, the sentence would be one-third the midterm doubled on count 1 for 32 months.  The prosecutor confirmed that this was his understanding of the indicated sentence.

The court then imposed sentenced, "based on the court's indicated sentence in 102, probation will be denied as to count 1, sentence to the low term of two years, double that by the admission of the strike prior for a total term of four years on that count."  It imposed concurrent sentences of two years on count 2 and 180 days on count 3.  It imposed and stayed terms of one year for each of the prison priors admitted and struck the punishment for those prison priors.

On case 717, the court imposed a consecutive sentence of one-third the midterm on count 1, doubled by the strike for a total of 16 months, with a concurrent term of 180 days on count 2.  It stayed the sentence on the prior prison term enhancements.  The total term imposed for the two cases was five years four months.[3]

Defendant appealed and requested a certificate of probable cause.  The trial court denied the request for the certificate.  On November 18, 2013, this court issued a peremptory writ directing the trial court to grant defendant's request for certificate of

---

[3] The trial court misspoke, indicating the total term was six years eight months.

probable cause. (*Parker v. Superior Court* (Oct. 16, 2013, E059241) [nonpub. opn.].)

The superior court issued the certificate on December 12, 2013.[4]

DISCUSSION

Defendant contends that trial counsel inaccurately advised him he would receive the low term of 16 months in case 102, but the sentence he received is two years, which is the actual low term for a violation of section 11379, subdivision (a). As a result of counsel's error, he was deprived of effective assistance of counsel. In addition, he contends his plea was not voluntary or intelligent because it was entered in reliance on the erroneous information counsel provided. His final contention is that the trial court erred in failing to stay the sentence on count 2 of case 102, because it arose from the same conduct as count 1, i.e., possession of methamphetamine while riding a bicycle.

For its part, the People contend that the appeal must be dismissed because defendant expressly waived his right to appeal the pleas. We disagree.

At the time he entered his pleas, defendant had no way of knowing that the trial court would fail to stay the sentence on count 2 in case 102. A waiver of appeal rights does not apply to "'possible future error' [that] is outside the defendant's contemplation and knowledge at the time the waiver is made." (*People v. Panizzon* (1996) 13 Cal.4th 68, 85.) This is because a defendant cannot knowingly and intelligently waive the right

---

[4] The superior court issued the certificate in case 717, and the record on appeal does not contain the certificate in case 102. As the respondent notes, the issues on appeal involve only case 102, and it was this court's intent that the certificate of probable cause be issued for both cases.

6

to appeal unforeseen or unknown future error. (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157.) Therefore, the appeal is effective to challenge this sentencing error. Furthermore, the issue is meritorious because, as the People concede, both counts 1 and 2 in case 102 arise from a single course of conduct. (Pen. Code, § 654; *People v. Latimer* (1993) 5 Cal.4th 1203, 1207-1209.)

We reject defendant's other contentions on their merits[5] because the record on appeal fails to support either claim. Defendant relies on the trial court's misstatement during the March 13, 2013 hearing that the low term on count 1 of case 102 was 16 months, whereas it is actually two years. He concludes, therefore, that trial counsel rendered ineffective assistance by failing to advise him of the proper sentencing range. However, it cannot be determined on this record that counsel did not inform him of the actual low term. The felony plea form does not indicate a term, and at the sentencing hearing it was defense counsel who informed the court of the correct minimum term for count 1 based on her written notes. While the trial court's statements indicate some confusion regarding the sentence to be imposed, defendant's counsel had clearly and accurately recorded the intended sentence. If anything, the record suggests his attorney provided him accurate information and that the trial court simply misspoke. The attorneys should have corrected the trial court's misstatement about the possible sentence. Because defendant's counsel wrote in her notes the correct minimum sentence, her failure to

---

[5] While it is certainly arguable that defendant's waiver of appeal rights encompasses these issues, we find it unnecessary to make this determination in light of our review of the record.

7

correct the court's error does not support an inference she gave defendant incorrect advice regarding his sentence. We must presume based on this record that "counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland v. Washington* (1984) 466 U.S. 668, 689.)

Defendant's claim that his plea was not voluntary and intelligent is also predicated on the trial court's misstatement of the minimum term in case 102. As discussed above, the record does not show that his attorney did not provide him correct information about the indicated sentence or that he was unaware of the minimum term he faced if he pleaded guilty in these cases. The parties mentioned an indicated sentence, but the discussion on the record is brief and it is probable that a lengthier discussion took place off the record. Defendant does not suggest any other circumstances that suggest that his pleas were coerced.

In conclusion, the record on appeal fails to support either of petitioner's claims, which are better raised by way of a writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [direct appeal alleging ineffective assistance should be denied if the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged].)

## DISPOSITION

The Superior Court of Riverside County is directed to amend the abstract of judgment in case No. RIF1207102 to stay the sentence on count 2. The clerk of the superior court is directed to forward a certified copy of the amended abstract to the

Department of Corrections and Rehabilitation.  In all other respects, the judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

RICHLI

J.

MILLER

J.

9