Filed 7/29/15  P. v. Scott CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RAYNARD SCOTT,<br><br>        Defendant and Appellant. | B261445<br><br>(Los Angeles County<br>Super. Ct. No. BA418980) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lisa B. Lench, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \*

Defendant and appellant Raynard Scott appeals from his conviction, following entry of a plea of no contest to one count of possession for sale of cocaine base and imposition of a four-year prison term.  (Health & Saf. Code, § 11351.5.)  We affirm.

Defendant was under surveillance by the Los Angeles Police Department. Officers had obtained information, apparently from an anonymous tip, that defendant was dealing drugs.  While under surveillance, defendant was observed leaving his home, with a passenger.  As defendant drove past the officers, the officers saw that neither defendant, nor his passenger, was wearing a seatbelt.  Defendant drove to a tire shop and was seen exchanging packages with an individual who approached his car.  Defendant's passenger was observed counting money, and later on the shop's surveillance video, was seen throwing a container into a bin full of water.  The container was later recovered from the bin and it had bindles of narcotics inside.

Based on the seatbelt violations, officers approached defendant's car.  They immediately smelled a strong odor of marijuana.  Defendant admitted he had marijuana in the car and consented to a search.  When officers started a brief patdown search, defendant's baggy front shirt pocket was "hanging open" and two clear plastic baggies were plainly visible inside the pocket.  Defendant was detained.  An individual standing in front of the tire shop asked one of the officers if he could have defendant's keys.  The officers denied the request.  Based on their experience, the officers believed the individual may have been trying to warn someone at defendant's home about his arrest. The officers were concerned about the possible destruction of evidence at defendant's home.  After arriving at defendant's home with defendant in the patrol car, a neighbor confirmed for the officers that defendant did not live alone.  They entered the home to make a protective sweep.  After ensuring the safety of the premises and that no one was inside who could destroy evidence, the officers asked defendant for his consent to search the house.  Defendant signed a written consent form and directed the officers to where some rock cocaine was stored.  Officers also recovered a scale and some ammunition.

On February 13, 2014, defendant was charged by information with possession for sale of cocaine base (Health & Saf. Code, § 11351.5; count 1), possession for sale of cocaine (Health & Saf. Code, § 11351; count 2), and possession of ammunition (Pen. Code, § 30305, subd. (a)(1); count 3). It was further alleged defendant had suffered three prior convictions for drug-related offenses within the meaning of Health and Safety Code section 11370.2, and had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

Defendant moved to suppress the evidence recovered from his person during the initial detention at the tire shop, from his car and his home pursuant to Penal Code section 1538.5. After hearing testimony and argument, the court denied defendant's motion.

Pursuant to a plea agreement, defendant waived his constitutional rights, pled no contest to count 1 and admitted his three drug-related prior convictions. The court sentenced defendant to a four-year term in state prison. The court awarded defendant four days of custody credits and imposed various fines and fees. The court granted the prosecution's motion to dismiss counts 2 and 3 in accordance with the terms of the plea agreement. Defendant filed a notice of appeal, but did not obtain a certificate of probable cause. The only issues cognizable by this appeal are search and seizure issues, and issues arising from postplea proceedings to determine the degree of the crimes and penalties to be imposed. (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75 (*Panizzon*).)

We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days.

On May 4, 2015, defendant submitted a three-page handwritten letter brief. Defendant identifies only one claim of error: the denial of his motion to suppress in accordance with Penal Code section 1538.5, subdivision (m) and *Panizzon*.

In ruling on a motion to suppress, the trial court is vested with broad discretion in judging witness credibility, weighing the evidence and drawing the reasonable inferences therefrom. " ' "On appeal, all presumptions favor the exercise of that power. . . ." [Ctiations.]' [Citation.]" (*People v. Gomez* (2004) 117 Cal.App.4th 531, 537; accord, *People v. Zamudio* (2008) 43 Cal.4th 327, 342; see also *People v. Weaver* (2001) 26 Cal.4th 876, 924 [discussing standard of review for ruling on a motion to suppress].)

Under this well-established standard, the record supports the trial court's denial of defendant's motion. The officers had a reasonable factual basis to initially detain defendant for a traffic violation. When the officers approached defendant in his car, they smelled a strong odor of marijuana emanating from the car. They had also observed a hand-to-hand transaction of packages by defendant, and defendant's passenger counting a stack of money. The totality of circumstances provided reasonable suspicion to detain defendant to confirm or dispel whether defendant had committed a crime. (*People v. Conway* (1994) 25 Cal.App.4th 385, 390 [" 'possibility that the circumstances are consistent with lawful activity does not render a detention invalid, where the circumstances also raise a reasonable suspicion of criminal activity' "].)

During defendant's interactions with the officers, he admitted he had marijuana in the car and verbally consented to a search. (*People v. James* (1977) 19 Cal.3d 99, 109-110 [fact that a defendant is detained, under arrest, or handcuffed at the time of giving consent " 'does not *per se* make a consent to a search involuntary. It is but one of the factors' " to be considered].) The officers' seizure of the baggies plainly visible in defendant's open front shirt pocket also did not offend the Fourth Amendment.

Upon arriving at defendant's home, officers entered the home to make a "protective sweep." It was determined that no one was in the home at the time. No seizures were made. The officers then obtained defendant's written consent to search

the home and defendant volunteered the location where certain drugs were stored. Defendant has not shown any abuse of discretion by the trial court in denying his motion to suppress.

As for any other potential appellate issues, we have examined the entire record and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any colorable appellate issues exist.  We conclude there are no other arguable appellate issues.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

OHTA, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.