Filed 11/25/20  P. v. Edwards CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302603 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA146410) |
| v. | |
| KHARI ANTONIO EDWARDS, | |
| Defendant and Appellant. | |

THE COURT:

Khari Antonio Edwards (defendant) appeals from a judgment entered upon a plea of no contest to human trafficking.  Counsel was appointed to represent defendant in connection with this appeal.  After examination of the record, counsel filed an "Opening Brief" in which no arguable issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  On September 9, 2020, we advised defendant that he had 30 days within which to personally submit any contentions or issues for us to consider.

That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record and find no arguable issues. We thus affirm the judgment.

Defendant was charged by felony complaint with (1) human trafficking of a minor for a commercial sex act by force or fear (Pen. Code, § 236.1, subd. (c)(2))[1]; (2) human trafficking to commit another crime (§ 236.1, subd. (b)); (3) unlawful sexual intercourse (§ 261.5, subd. (d)); and (4) oral copulation of a person under 18 (§ 288a, subd. (b)(1)). The complaint also alleged that defendant's 2014 robbery conviction constituted a "strike" within the meaning of our Three Strikes Law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), for which he served a prior prison term (§ 667.5, subd. (b)).

On May 8, 2019, the People amended the complaint to add a charge of (5) human trafficking of a minor (§ 236.1, subd. (c)(1).) That same day, defendant entered into a plea agreement in which he would enter a plea to the human trafficking to commit another crime and human trafficking of a minor charges in exchange for an agreed-upon prison sentence of 21 years and four months. Defendant then pled no contest to those two counts and admitted his prior strike conviction. Defense counsel stipulated to the factual basis for the plea.

The trial court sentenced defendant to the agreed-upon sentence of 21 years and four months in state prison. Specifically, the court imposed a sentence of 16 years on the human trafficking to commit another crime count (comprised of a low term base sentence of eight years, doubled due to the prior

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

strike), plus a consecutive sentence of five years and four months on the human trafficking of a minor count (comprised of a base sentence of 32 months, calculated as one-third the midterm sentence of eight years, doubled due to the prior strike). The court imposed various mandatory fines and fees, and awarded defendant 932 days of presentence custody credit, comprised of 466 actual days and 466 days of conduct credit. The remaining allegations of the complaint were dismissed pursuant to section 1385.

Defendant filed a timely notice of appeal, which stated that the appeal was based upon the sentence or other matters occurring after the plea that did not affect the validity of the plea. The notice of appeal also stated that the appeal would challenge the validity of the plea or admission. Defendant requested a certificate of probable cause, which the trial court did not grant.[2]

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly*

---

[2] No appeal may be taken by the defendant from a judgment of conviction entered upon a plea of no contest unless the trial court has issued a certificate of probable cause. (§ 1237.5.) A defendant who negotiated a specific sentence in return for his plea must obtain a certificate of probable cause in order to challenge the agreed-upon sentence on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

(2006) 40 Cal.4th 106, 123-124.)

# **DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI , P. J.,                    CHAVEZ, J.,                    HOFFSTADT, J.