Filed 9/13/24  P. v. Bonilla CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C099981 |
| v. | (Super. Ct. No. 23CR001606) |
| SERGIO MACEDO BONILLA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Sergio Macedo Bonilla asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record indicates that defendant's approved plea deal included the agreement to dismiss counts I, III, IV, V, and VI, but those counts were not dismissed at sentencing.  We will modify the judgment to dismiss those counts and affirm the judgment as modified.

I

Defendant was in a romantic relationship with the victim.  In July 2023, the victim asked defendant to take her and her child home but he refused.  Instead, he drove them to his residence, dragged her inside, and left the child in the locked car with the engine

1

running and the air conditioner on.  Once inside, defendant hit the victim on the thigh with an extension cord, leaving a bruise and redness.  When the victim went outside to check on the child, defendant grabbed her by the hair, dragged her back inside, and began hitting her.  Defendant prevented her from leaving, but he eventually drove her and the child to their home.

Defendant was charged with kidnapping (Pen. Code, § 207, subd. (a) -- count I),[1] four counts of injuring a spouse, cohabitant, fiancé, boyfriend, girlfriend, or child's parent (§ 273.5, subd. (a) -- counts II-V), kidnapping a victim under 14 years old (§§ 207, subd. (a), 208, subd. (b) -- count VI), and dissuading a witness (§ 136.1, subd. (b)(1) -- count VII).

Defendant pleaded guilty to corporal injury on a noncohabitant spouse (§ 273.5, subd. (a) -- count II) and felony dissuading a witness (§ 136.1, subd. (b)(1) -- count VII).  The parties agreed to a five-year sentence lid, and they also agreed that the remaining counts (counts I, III, IV, V, and VI) would be dismissed.

The trial court sentenced defendant to four years in prison, consisting of the following:  the low term of two years on the count II conviction for corporal injury, plus a consecutive middle term of two years on the count VII dissuading a witness conviction. (§ 1170.15.)  But the trial court did not mention the agreement to dismiss the remaining charges.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel

---

[1] Undesignated statutory references are to the Penal Code.

of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Our review of the record indicates that the approved plea deal included the agreement to dismiss counts I, III, IV, V, and VI, but those counts were not dismissed at sentencing.  " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.)  We will modify the judgment to dismiss counts I, III, IV, V, and VI.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to dismiss counts I, III, IV, V, and VI.  The judgment is affirmed as modified.

/S/

MAURO, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

DUARTE, J.

3