Filed 1/23/25  P. v. Sawyer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C101213 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FE-2023-0004460) |
| v. | |
| KRISTOPHER COADY SAWYER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kristopher Coady Sawyer asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will order certain allegations dismissed and affirm the judgment as modified.

### FACTS AND HISTORY OF THE PROCEEDINGS

In April 2023, defendant entered the victim's home and shot her in the head, killing her.  Defendant fled the victim's home in the victim's truck.

Defendant was charged with murder with a special circumstance that the murder was committed during the commission of a robbery (Pen. Code, §§ 187, subd. (a), 190.2,

1

subd. (a)(17)(G)) [statutory section citations that follow are to the Penal Code], count 1); two counts of being a felon in possession of a firearm (§ 29800, subd. (a), counts 2 & 5); vehicle theft with a prior conviction for vehicle theft (§ 666.5, subd. (a); Veh. Code, § 10851, subd. (a), count 3); and first degree burglary of an occupied dwelling (§§ 459, 667.5, subd. (c)(21), count 4). A firearm enhancement was also alleged as to count 1. (§ 12022.53, subd. (d).)

In February 2024, defendant pleaded guilty to second degree murder and admitted the firearm enhancement (§ 12022.53, subd. (d)). As part of the plea agreement the prosecutor asked the trial court to dismiss the remaining allegations, but the court did not address the request and failed to do so. Defendant agreed to an aggregate prison sentence of 40 years to life, as follows: 15 years to life for the murder charge and 25 years to life consecutive for the firearm enhancement. Defendant further agreed to a $12,818 victim restitution fine, with the trial court retaining jurisdiction over future restitution. (§§ 1202.4, subd. (f), 1202.46.)

In April 2024, the trial court sentenced defendant to the agreed-upon 40-year-to-life aggregate prison term. The court also imposed $12,818 in victim restitution for the Victim Compensation Board (§ 1202.4, subd. (f)); $2,050.11 in victim restitution to a different victim (§ 1202.4, subd. (f)); a $300 restitution fine (§ 1202.4, subd. (b)); a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45); a $40 court operations fee (§ 1465.8, subd. (a)(1)); and a $30 criminal conviction assessment fee (Gov. Code, § 70373). The court awarded 359 days of custody credit.

Defendant did not seek a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record revealed the trial court failed to dismiss the remaining allegations as requested (and necessarily agreed to) by the prosecution during the plea hearing. In the interests of judicial economy, we will order the remaining allegations dismissed. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [both parties must abide by the terms of a plea agreement].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to dismiss the remaining allegations. As modified, the judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
RENNER, J.

_____
KRAUSE, J.

3