Filed 3/6/25  P. v. Pacheco CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GIOVANNI PACHECO,<br><br>    Defendant and Appellant. | H052328<br>(Monterey County<br>Super. Ct. No. SS131549A) |

In 2016, defendant Giovanni Pacheco pleaded guilty on three counts of willful, deliberate, and premeditated murder, among other offenses.  He further admitted firearm enhancements on each count.  For the murder convictions, the trial court sentenced Pacheco to three consecutive terms of life in prison without the possibility of parole, and three consecutive terms of 25 years to life for the firearm enhancements.  In 2024, Pacheco petitioned for resentencing under Penal Code section 1172.6.  The trial court denied the petition for failure to make a prima facie case for relief.

Pacheco appeals the trial court's denial of his petition for resentencing.  We appointed counsel, who filed a brief without raising claims.  Counsel asks that we independently review the record under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Pacheco has filed a supplemental brief on his own behalf, raising various claims of error.

For the reasons below, we conclude Pacheco's claims are without merit. We have independently reviewed the entire record for unraised issues in accordance with *Delgadillo*, *supra*, and we see no claims having any arguable merit. We will affirm the order denying the petition for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

In 2014, the prosecution charged Pacheco with eight counts: counts 1, 2, and 3—willful, deliberate, and premeditated murder (Pen. Code, § 187, subd. (a))[1]; counts 4, 5, 6, and 7—assault with a semiautomatic firearm (§ 245, subd. (b)); and count 8—possessing a firearm as a felon (§ 29800, subd. (a)(1)). As to counts 1 through 7, the prosecution alleged various firearm enhancements. (§§ 12022.5, subd. (a), 12022.53, subd. (d).) As to counts 1, 2, and 3, the prosecution alleged multiple-murder special circumstances. (§ 190.2, subd. (a)(3).) As to counts 4 through 7, the prosecution alleged Pacheco inflicted great bodily injury on the victims. (§ 12022.7, subd. (a).)

In February 2016, as part of a plea agreement to avoid the death penalty, Pacheco pleaded guilty to all counts and admitted all special circumstances and enhancements except for certain lesser firearm enhancements. As to each of counts 1, 2, and 3, Pacheco expressly pleaded guilty to committing willful, deliberate, and premeditated murder. He also expressly admitted he had personally and intentionally discharged a firearm in the commission of each of the three murders. Pacheco made these admissions in his plea colloquy as well as his written waiver of rights. In his written waiver, Pacheco specifically stated, "[O]n or about August 5, 2013, I shot and killed three different persons with a .45 semi-automatic firearm. These murders were done willfully, with premeditation and deliberation."

---

[1] Subsequent undesignated statutory references are to the Penal Code.

2

In May 2016, the trial court imposed three consecutive terms of life in prison without the possibility of parole for counts 1, 2, and 3, and three consecutive terms of 25 years to life for the firearm enhancements on those counts. As to counts 4 through 8, the court imposed a total of 35 years eight months in prison.

In January 2024, Pacheco filed a pro se petition seeking resentencing under section 1172.6. The trial court appointed counsel, who filed briefs in support of the petition, and the prosecution filed a written opposition.

After a hearing on the matter, the trial court found Pacheco's admissions constituted a clear statement that he was the actual shooter; that he acted with the specific intent required for a conviction under section 187, subdivision (a); and that he personally used a .45-caliber semiautomatic handgun in each of the three killings. The court ruled Pacheco failed to make a prima facie case for relief, and the court denied the petition for resentencing without issuing an order to show cause.

Pacheco timely appealed, and we appointed counsel. Appellate counsel filed a brief summarizing the case without raising claims, and counsel asks that we independently review the record in accordance with *Delgadillo*, *supra*, 14 Cal.5th at pages 231-232. We notified Pacheco of his right to file a supplemental brief on his own behalf, and he has done so.

## B. Facts of the Offenses[2]

According to the statement of facts in the probation report, Pacheco was with a group of persons at a Tacos Choice restaurant in August 2013 when some men from another group gave cigarettes to the women in Pacheco's group. An argument ensued, and Pacheco withdrew a firearm from his waistband. He fired one shot into the air and then fired multiple shots into a crowd of people, striking seven victims. Three of the victims died. The police found 11 .45-caliber shell casings at the scene.

---

[2] We do not rely on this statement of facts for any part of our analysis.

3

## II. DISCUSSION

In his supplemental brief, Pacheco asserts he was forced to give up his rights as part of the plea agreement, and he contends is eligible for relief under section 1172.6 because he was tried for murder under the doctrine of natural and probable consequences. He further contends his conviction and sentence violated the California Racial Justice Act (RJA).

### A. *Resentencing Under Penal Code Section 1172.6*

#### 1. *Legal Principles*

"Senate Bill [No.] 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f) [(Senate Bill 1437)].)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute on another ground.) As codified in section 1172.6, Senate Bill No. 1437 "created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

Under section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met. (*Strong*, *supra*, 13 Cal.5th at p. 708.) When the trial court receives a petition "containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' [Citation.]" (*Ibid*., citing *People v. Lewis* (2021) 11 Cal.5th 952, 970-972 (*Lewis*); § 1172.6, subd. (c).)

4

Section 1172.6, subdivision (a) sets forth three conditions the petitioner must show to establish eligibility for relief. As relevant here, Pacheco was required to show (1) that the information allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; (2) that he accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and (3) that he could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1172.6, subds. (a)(1), (a)(2), & (a)(3).)

In making the prima facie determination, the court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) This includes admissions a defendant may make as part of a plea. (See *People v. Muhammad* (2024) 107 Cal.App.5th 268, 277 (*Muhammad*). However, the prima facie inquiry is limited; at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis,* at pp. 971-972.)

"[U]nder the natural and probable consequences doctrine, '[a]n aider and abettor is guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime.' [Citation.]" (*People v. Covarrubias* (2016) 1 Cal.5th 838, 901.) "The natural and probable consequences doctrine applies equally to aiders and abettors and conspirators." (*Ibid.*)

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing. [Citation.]" (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

### 2. *The Trial Court Properly Denied the Petition for Resentencing*

Pacheco contends the trial court erred in denying his petition for resentencing because he could have been tried for the murders on a theory of natural and probable

5

consequences. The record provides no support for this claim. On each of the three counts of murder, the prosecution charged Pacheco under only one theory of liability: that he acted willfully, deliberately, and with premeditation. "[A] defendant convicted by plea cannot show eligibility for relief by asserting the People could have prosecuted him based on invalid theories when the record conclusively establishes that at the time of the plea, the People were operating under only one theory of the defendant's guilt, and that theory is still valid under current law." (*Muhammad*, *supra*, 107 Cal.App.5th at p. 277, fn. omitted.)

Furthermore, Pacheco expressly admitted he committed each of the murders willfully, deliberately, and with premeditation. He further admitted he personally discharged a firearm to kill each of the three murder victims. The record of conviction conclusively establishes that Pacheco was the sole, direct perpetrator of the murders, and Pacheco cites nothing in the record that might suggest otherwise. Absent any showing that he could have been tried under the doctrine of natural and probable consequences or any other invalid theory of liability, Pacheco has failed to make the threshold showing required for relief under section 1172.6, subdivision (a).

Pacheco contends his plea was invalid because he was coerced to enter it. He cites no authority that would allow either the trial court or a reviewing court to consider the validity of his plea as part of a resentencing proceeding under section 1172.6. Regardless, we have no legal authority to consider the merits of this claim because there is nothing in the record showing Pacheco obtained a certificate of probable cause, or that he sought or obtained relief from default in a reviewing court. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 75 [section 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant has obtained a certificate of probable cause, or has sought and obtained relief from default in the reviewing court].)

6

### B. *Alleged Violations of the California Racial Justice Act*

Pacheco further contends his conviction violated the RJA because he was charged and convicted of a more serious offense than defendants of other races and ethnicities; that he received a more serious sentence than defendants of other races convicted of the same offenses; and that Monterey County prosecutors sought and obtained convictions for more serious offenses and imposed longer sentences on defendants of his race, ethnicity, and national origin as compared to other defendants.

### 1. *Legal Principles*

The Legislature enacted the Racial Justice Act through the passage of Assembly Bill No. 2542 (2019-2020 Reg. Sess.).  "The Legislature passed the RJA in 2020 with a stated aim 'to eliminate racial bias from California's criminal justice system' and 'to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing.'  (Stats. 2020, ch. 317, § 2, subd. (i).)  To that end, the RJA prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining, or imposing a sentence, on the basis of race, ethnicity, or national origin.  [Citation.]"  (*People v. Wilson* (2024) 16 Cal.5th 874, 945.)

The RJA added section 745 to the Penal Code effective January 1, 2021.  (Stats. 2020, ch. 317, § 3.5.)  Section 745, subdivision (a) sets forth four categories of conduct which, if proven by a preponderance of the evidence, establish a violation.  (§ 745, subds. (a)(1)-(a)(4).)  As relevant here, a defendant may establish a violation of subdivision (a)(3) by proving they were "charged or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in similar conduct and are similarly situated, and the evidence establishes that the prosecution more frequently sought or obtained convictions for more serious offenses against people who share the defendant's race, ethnicity, or national origin in the county where the convictions were sought or obtained."  (*Id.*, subd. (a)(3).)  A defendant may also establish a violation under subdivision (a)(4) by proving, in part, that "[a]

7

longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense . . . ." (*Id.*, subds. (a)(4)(A) & (a)(4)(B).)

### 2. *Pacheco Has Not Established Any Right to Relief Under the California Racial Justice Act*

Nothing in the plain language of section 745 authorizes a defendant to raise a violation of the RJA on appeal from the denial of a resentencing petition under section 1172.6. Section 745, subdivision (b) provides that "a defendant may raise a claim alleging a violation of subdivision (a) on direct appeal from the conviction or sentence," but it provides Pacheco no right to raise a claim in this appeal. Even if the RJA authorized a claim in this appeal, Pacheco has forfeited any such claim by failing to raise it below. "[O]ur review of a section 745 claim, like any other appellate claim, is subject to the general appellate rules of preservation and forfeiture of claims that could have been but were not made in the trial court." (*People v. Lashon* (2024) 98 Cal.App.5th 804, 812.) (Accord, *People v. Quintero* (2024) 107 Cal.App.5th 1060 (*Quintero*); *People v. Corbi* (2024) 106 Cal.App.5th 25, 41; *People v. Singh* (2024) 103 Cal.App.5th 76, 114.) Furthermore, Pacheco makes no showing that his trial counsel rendered ineffective assistance by failing to raise a claim under the RJA. (See generally *Quintero,* at p. 1060 [addressing the merits of RJA claim as a claim of ineffective assistance notwithstanding forfeiture by trial counsel's failure to object]; *People v. Simmons* (2023) 96 Cal.App.5th 323, 336 [same].)

Even if we had the legal authority to consider claims under the RJA as part of this appeal, subdivision (a) of section 745 places the burden on a defendant to prove a violation by a preponderance of the evidence. Pacheco cites no evidence in the record supporting the assertions that his conviction and sentence violated the RJA, so he has failed to satisfy the burden of proof.

For all the reasons above, we conclude Pacheco's claims are without merit. Finally, we have independently reviewed the entire record for unraised issues in accordance with *Delgadillo*, *supra*, 14 Cal.5th at pages 231-232, and we see no other claims having any arguable merit.

### III.    DISPOSITION

The trial court's order denying Pacheco's petition for resentencing under Penal Code section 1172.6 is affirmed.

                                        _____

                                          Greenwood, P. J.

WE CONCUR:

_____

        Danner, J.

_____

        Wilson, J.

H052328 People v. Pacheco