Filed 2/4/26  P. v. Thornton CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID THORNTON,<br><br>        Defendant and Appellant. | A173681<br><br>(San Francisco City & County<br>Super. Ct. No. CRI-21007765) |

In 2021, David Thornton shot at a vehicle while the driver and a passenger were inside.  The driver, Joseph G., had recently been involved in an altercation with Thornton, and the passenger, Eliza M., had dated Thornton and shared a child with him.  The victims and another witness reported that Thornton shot multiple rounds at the vehicle before leaving the scene of the incident.  The vehicle had bullet holes in the hood and windshield, and police officers found 18 spent shell casings at the scene.  Thornton was located and arrested without incident.

A felony complaint was filed charging Thornton with two counts of attempted murder (Pen. Code[1], §§ 187, subd. (a), 664; counts 1 & 3), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 2 & 4), and one count of discharge of a firearm at an occupied vehicle (§ 246; count 5).  Counts

_____

[1] All further statutory references are to the Penal Code.

1 through 4 contained firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subd. (c)). In 2025, the prosecution amended the complaint to add two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 6 & 7), each with an enhancement for personal use of a firearm (§ 12022.5, subd. (a)).

On April 3, 2025, having waived his rights and as part of a negotiated plea, Thornton pled guilty to counts 6 and 7 (assault with a semiautomatic firearm) and admitted both corresponding allegations for personal use of a firearm in exchange for dismissal of the remaining counts. As part of the plea bargain, the parties agreed to imposition of a total sentence of 13 years and four months in prison, a 10-year criminal protective order as to each victim, and victim restitution. Thornton waived his right pursuant to *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*) to have the same judge that took the plea also impose his sentence.

On April 24, 2025, in accordance with the negotiated plea, the trial court sentenced Thornton to a total term of 13 years and four months in prison and dismissed counts 1 through 5. The sentence was comprised of 10 years on count 6 (the midterm of six years plus the midterm of four years for the firearm enhancement) and a consecutive term of three years and four months on count 7 (one-third of the midterm of six years plus one-third of the midterm of four years for the firearm enhancement). The court awarded Thornton 1,357 days of actual presentence custody credit, 202 days of local conduct credit, and 28 days of "Milestone" credit, for a total of 1,587 days. The court imposed, but permanently suspended, a restitution fine, court operations assessment, and court facilities assessment. It imposed a $300 parole revocation fine on each count, which was stayed pending successful completion of parole. Victim restitution was ordered in an amount to be

determined at a future hearing, for which Thornton waived his presence. Finally, the court issued protective orders as to both victims.

In June 2025, Thornton filed a notice of appeal, checking the boxes on the Judicial Council form that the appeal "challenges the validity of the plea or admission" and there was an "other basis" for the appeal, both of which required a certificate of probable cause. Thornton sought a certificate of probable cause on the grounds of (1) ineffective assistance of counsel based on an alleged conflict of interest and (2) various challenges to the firearm enhancements. Thornton's request for a certificate of probable cause was denied by the trial court.

Counsel for Thornton has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. The brief includes counsel's declaration stating that counsel informed Thornton that a *Wende* brief would be filed on his behalf, and that counsel apprised Thornton of his right to file a supplemental brief. Thornton timely filed a supplemental brief in which he contests the validity of the *Arbuckle* waiver, challenges the sentences imposed for the firearm enhancements on various grounds, and seeks to raise claims of ineffective assistance of trial and appellate counsel.

Having independently reviewed the record and Thornton's supplemental brief, and mindful that in the absence of a certificate of probable cause our review is limited to matters that do not affect the plea's validity (Cal. Rules of Court, rule 8.304(b)(1)–(3)), we have found no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) Contrary to Thornton's assertion, the record reflects he knowingly and intelligently waived his right under *Arbuckle* after the judge accurately explained: "[Y]ou have the right to have me sentence you in this matter

3

because I took your plea." Further, Thornton's arguments related to the firearm enhancements represent challenges to "the very sentence he negotiated as part of the plea bargain." (*People v. Panizzon* (1996) 13 Cal.4th 68, 78.) Therefore, those claims are, "in substance, attacking the validity of the plea," and we cannot review them in the absence of a certificate of probable cause. (*Ibid.*) Finally, the record on direct appeal does not support reversal based on ineffective assistance of counsel on the grounds he raises, including any conflict of interest of trial counsel. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009–1010 [stating standard for reversal based on claims of ineffective assistance of counsel raised on direct appeal].)

The judgment is affirmed.

PETROU, J.

WE CONCUR:


FUJISAKI, Acting P. J.

RODRÍGUEZ, J.


A173681 / *People v. Thornton*